**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 117360



### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### NEWARK DIVISION

| | |
|---|---|
| Tatiana Koufopanteli, individually and on behalf of all others similarly situated, | Docket No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | JURY TRIAL DEMANDED |
| Vengroff Williams, Inc., | |
| Defendant. | |

Tatiana Koufopanteli, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Vengroff Williams, Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5.      Plaintiff Tatiana Koufopanteli is an individual who is a citizen of the State of New Jersey residing in Essex County, New Jersey.

6.      Plaintiff is a natural person allegedly obligated to pay a debt.

7.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant Vengroff Williams, Inc., is a Florida Corporation with a principal place of business in Manatee County, Florida.

9.      Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10.     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.     The principal purpose of Defendant's business is the collection of such debts.

12.     Defendant uses the mails in its debt collection business.

13.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

14.     Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15.     The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors.  *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16.     To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

17.     As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA.  *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012).  Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant.  *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

18.     Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

19.     If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA.  *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).  Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

20.     The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense.  15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).  Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).  A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

21.     Defendant alleges Plaintiff owes a debt ("the alleged Debt").

22.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.     The alleged Debt does not arise from any business enterprise of Plaintiff.

24.     The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

3

25.     At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26.     At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27.     In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated January 16, 2019. (A true and accurate copy is annexed hereto as **Exhibit 1.**")

28.     The Letter conveyed information regarding the alleged Debt.

29.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30.     The Letter was the initial written communication Plaintiff received from Defendant concerning the alleged Debt.

31.     The Letter was received and read by Plaintiff.

32.     15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive a clear, accurate and unambiguous validation notice, which allows a consumer to confirm that he or she owes the debt sought to be collected by the debt collector. As set forth herein, Defendant deprived Plaintiff of this right.

33.     15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

34.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FIRST COUNT
### Violation of 15 U.S.C. § 1692e

35.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

36.     15 U.S.C. §1692g(a)(3) requires to debt collector to: "Within five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice containing — a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

37.     In this Circuit, a dispute of a debt, to be effective, must be in writing. *See Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013).

38.     The Letter states in part: "Unless, within thirty days after your receipt of this notice, you dispute the validity of the debt or any portion thereof, we will assume the debt to be valid."

39.     The Letter encourages Plaintiff to contact Defendant by phone, directing Plaintiffs attention to a phone number in bolded and center aligned type face immediately above the validation notice.

40.     The Letter fails to state explicitly that a dispute to be effective, must be in writing and sent to the address listed below.

41.     The failure to provide a proper 15 U.S.C. §1692g(a)(3) notice is a violation of the FDCPA.

42.     A debt collector has the obligation not just to convey the 15 U.S.C. §1692g(a)(3) notice, but also to convey such clearly.

43.     Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

44.     The Letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt, such dispute must be in writing.

45.     The least sophisticated consumer upon reading the Letter would likely be confused as to what she must do to effectively dispute the alleged debt.

46.     The least sophisticated consumer upon reading the Letter would likely be unsure as to what she must do to effectively dispute the alleged debt.

47.     The Letter did not convey the 15 U.S.C. §1692g(a)(3) notice clearly from the perspective of the least sophisticated consumer.

48.     The Letter did not adequately set forth the 15 U.S.C. §1692g(a)(3) notice.

49.     The Letter, because of the aforementioned failures, violates 15 U.S.C. §1692g(a)(3). *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

50.      15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51.     While Section 1692e specifically prohibits certain practices, the list is non-

exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

52.     A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

53.     A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

54.     15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

55.     The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

56.     The least sophisticated consumer upon reading the Letter would likely be misled into believing that if she wished to effectively dispute the Debt she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

57.     The least sophisticated consumer would likely be confused concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

58.     The least sophisticated consumer would likely be uncertain concerning whether, to dispute the debt, she may notify Defendant by calling the telephone numbers listed, or write to Defendant at the address listed.

59.     The least sophisticated consumer would likely be uncertain as to her rights.

60.     The least sophisticated consumer would likely be confused as to her rights.

61.     Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

62.     Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

63.     The least sophisticated consumer would likely be deceived by the Letter.

64.     The least sophisticated consumer would likely be deceived in a material way by the Letter.

65.     Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

66. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e. *See Cadillo v. Stoneleigh Recovery Assocs., LLC*, No. CV 17-7472-SDW-SCM, 2017 WL 6550486 (D.N.J. Dec. 21, 2017), *motion to certify appeal denied,* No. CV177472SDWSCM, 2018 WL 702890 (D.N.J. Feb. 2, 2018).

## SECOND COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)

67. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

68. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

70. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

71. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

72. A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

73. The Letter states, "Since our previous correspondence, we have received additional charges from the above named creditor who has turned over your account for collection. **Your updated amount due is listed above**."

74. The least sophisticated consumer upon reading such statement would likely be misled into believing that the alleged Debt would incur further additional charges.

75. The alleged Debt did not incur further additional charges.

76. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the amount of the alleged Debt, one of which is inaccurate as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

77.    Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning the amount of the alleged Debt as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

78.    The least sophisticated consumer would likely be deceived by the Letter.

79.    The least sophisticated consumer would likely be deceived in a material way by the Letter.

80.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

81.    Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

82.    Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

83.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

84.    The Class consists of more than thirty-five persons.

85.    Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

86.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

87.    Plaintiff will fairly and adequately protect and represent the interests of the Class.

The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

88.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

a.   Certifying this action as a class action; and

b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

c.   Finding Defendant's actions violate the FDCPA; and

d.   Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Granting Plaintiff's costs; all together with

g.   Such other relief that the Court determines is just and proper.

DATED: January 16, 2020

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
_Attorneys for Plaintiff_
Our File No.: 117360